UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
                                                            :
                                                            :   24 Misc. 377 (LGS)
In re UPHEALTH HOLDINGS, INC.                               :
                                                            :   ORDER
                                                            :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 13, 2024, Uphealth Holdings, Inc. ("Petitioner") filed an ex parte petition, pursuant to 28 U.S.C. § 1782 (the "Petition"), seeking an order authorizing the issuance of subpoenas (the "Subpoenas") to (1) Bank of America, N.A., (2) Bank of New York Mellon, (3) Citibank N.A., (4) Deutsche Bank Trust Company Americas, (5) HSBC Bank USA, N.A., (6) JPMorgan Chase Bank, N.A., (7) Standard Chartered Bank and (8) Wells Fargo Bank, N.A. (collectively, the "Banks"). The Subpoenas seek wire transfer information of Glocal Healthcare Systems Private Limited ("Glocal"), Dr. Syed Sabahat Azim, Richa Sana Azim, Gautam Chowdhury, Kimberlite Social Infra Private Limited (collectively, the "Intervenors") and Meleveetil Damodaran (collectively, the "Arbitration Respondents").

WHEREAS, Petitioner seeks the Subpoenas in aid of two proceedings Petitioner commenced before the Calcutta High Court in India: (1) a so-called "Section 9 Proceeding," under Section 9 of the Indian Arbitration and Conciliation Act (1996), against Arbitration Respondents "to secure the value of" an arbitration award (the "Arbitration Award") Petitioner obtained from the International Chamber of Commerce's International Court of Arbitration, including an application for an order "directing Glocal to preserve its assets" and (2) a "Contempt Proceeding" in which Petitioner seeks an order holding the Arbitration Respondents (except Glocal) in contempt for failure to comply with the Calcutta High Court's order in the Section 9 Proceeding to disclose their assets.

WHEREAS, On August 15, 2024, the Petition was granted.

WHEREAS, on August 19, 2024, this Court granted Intervenors' request to intervene. On August 29, 2024, Intervenors filed a motion to quash the Subpoenas. On September 9, 2024, Petitioner filed its opposition. On September 11, 2024, Intervenors filed an unsolicited reply. On September 13, Petitioner filed a letter requesting to strike the reply. On September 15, 2024, Intervenors filed a letter objecting to Petitioner's request.

WHEREAS, a district court considering a request for discovery under § 1782 proceeds in two steps. First, the court determines whether the application satisfies the three statutory requirements: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022).[1]

Second, if the statutory requirements are met, the court may grant discovery at its discretion "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* To evaluate whether granting an application would further those aims, courts consider the four so-called *Intel* factors articulated by the Supreme Court: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome." *Id.* (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).  "[T]he ultimate decision to grant or deny an application is discretionary," but courts "are not free to read extra-statutory barriers to discovery into section 1782 under the guise of exercising their discretion." *Id.*

WHEREAS, in their initial memorandum of law, Intervenors sought to quash the Subpoenas on the grounds that the information Petitioner seeks is not for use in foreign proceedings and that the Subpoenas are unduly intrusive and burdensome.  These arguments are unpersuasive.

WHEREAS, the discovery Petitioner seeks is "for use" in "foreign proceeding[s]." *Id.* In assessing the "for use" requirement, the focus is on "the *practical ability* of an applicant to place a beneficial document -- or the information it contains -- before a foreign tribunal." *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024) (emphasis in original).  "[T]he requested discovery must be employed with some advantage or serve some use in the proceeding." *Id.*  The Arbitration Respondents' wire transfer history may reveal regular sources of income and expenses, the scope of financial assets and any attempts to transfer assets to avoid obligations under the Arbitration Award.  The subpoenaed information can assist the Calcutta High Court in both the Section 9 Proceeding and the Contempt Proceeding in deciding whether to find Arbitration Respondents in contempt for failure to disclose and whether to order asset preservation.  *See In re China Constr. Bank (Asia) Corp.*, No. 23 Misc. 17, 2023 WL 3791711, at *1 (S.D.N.Y. June 2, 2023) (granting wire transfer subpoenas because the information sought included "information related to [intervenor's] assets and his potentially unlawful dissipation of those assets" in a foreign tribunal that may order intervenor "to be imprisoned if it concludes that

he . . . failed to make complete disclosure"). The request for information from October 2022 to the present is also reasonable because the dispute between Petitioner and Intervenors dates back to September 2022.

WHEREAS, Intervenors argue that *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24 (2d Cir. 1998), and its progeny categorically exclude post-judgment enforcement proceedings as non-adjudicative such that they do not qualify as "foreign proceedings" under § 1782, and, in the alternative, that the Section 9 and Contempt Proceedings are not adjudicative in nature. Neither argument is correct. As the Second Circuit explained, *Euromepa* "was fundamentally a case about mootness." *Fed. Republic of Nigeria*, 27 F.4th at 158 (holding that an English proceeding to set aside an arbitration award was a "foreign proceeding" under § 1782). In *Euromepa*, the intervening, final decision by the French Supreme Court stripped the French bankruptcy proceeding in question of any fact-finding function. 154 F.3d at 28. Similarly, in *In re MT Baltic Soul Produktentankschiff-ahrtsgesellschaft mgH & Co. KG*, No. 15 Misc. 319, 2015 WL 5824505 (S.D.N.Y. Oct. 16, 2015), the final decision by the English High Court of Justice had "conclusively established" liability. *Id.* at *2.

In contrast, the Arbitration Award and the parties' obligations under it are still being contested in court in the Section 9 and Contempt Proceedings. The Calcutta High Court retains its full capacity for judicial fact-finding in both proceedings. *See In re YS GM Marfin II LLC*, No. 20 Misc. 182, 2022 WL 624291, at *5-6 (S.D.N.Y. Mar. 2, 2022) (explaining that a post-judgment proceeding involving a court hearing at which the judgment debtor would be questioned about its assets was adjudicative); *accord In re China Constr. Bank (Asia) Corp. Ltd.*, 2023 WL 3791711, at *1.

WHEREAS, the other case on which Intervenors rely, *Jiangsu Steamship Co. v. Success Superior Ltd.*, No. 14 Civ. 9997, 2015 WL 3439220 (S.D.N.Y. Feb. 5, 2015), is inapposite. It

rejects a § 1782 application because the petitioner there was seeking information to be used in a proceeding not yet brought or "within reasonable contemplation" as required by *Intel*, 542 U.S. at 259, and discussed post-judgment enforcement proceedings only in dicta. 2015 WL 3439220, at *4. *See also In re Batbold*, No. 21 Misc. 218, 2021 WL 4596536, at *3 (S.D.N.Y. Oct. 6, 2021), *aff'd*, No. 21 Misc. 218, 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023) ("[T]here is no broad rule that asset discovery can never be adjudicative and is thus always impermissible under [Section] 1782."); *In re Application of Accent Delight Int'l Ltd.*, No. 16 Misc. 125, 2016 WL 5818597, at *3 (S.D.N.Y. Oct. 5, 2016), *aff'd sub nom. In re Accent Delight Int'l Ltd.*, 869 F.3d 121 (2d Cir. 2017), *and aff'd sub nom. In re Accent Delight Int'l Ltd.*, 696 F. App'x 537 (2d Cir. 2017) (dismissing Intervenors' reliance on *Jiangsu* as inapposite when the foreign proceeding "is well underway and there is no basis to suspect . . . a fishing expedition").

WHEREAS, the discovery sought is not unduly intrusive or burdensome. Courts evaluate this factor "by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015); *accord YS GM Marfin II LLC*, 2022 WL 624291, at *11. A movant seeking to quash a subpoena "bears a heavy burden of proof" and must "set forth the manner and extent of the burden of the probable negative consequences of insisting on compliance." *In re Vale S.A.*, No. 20 Misc. 199, 2021 WL 311236, at *3 (S.D.N.Y. Jan. 29, 2021). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Id.*; *cf. Beverley v. New York City Health & Hosps. Corp.*, No. 18 Civ. 08486, 2024 WL 1342806, at *6 (S.D.N.Y. Mar. 29, 2024) (stating the same standard in the Rule 26 context).

WHEREAS, the only objection Intervenors advance is that the subpoenaed information is "private and highly sensitive" and involves "eight third-party financial institutions" over "a 23-month period." This conclusory objection, unsupported by a factual showing of burden, fails to

demonstrate that the Subpoenas are unduly burdensome. *See Vale*, 2021 WL 311236, at *4 (rejecting conclusory objections involving "production of thousands of documents and inordinate numbers of hours of work" with little factual support and noting many § 1782 applications entail such burdens). Courts in this district have routinely granted similar subpoenas. *See, e.g.*, *In re Byrne*, No. 23 Misc. 048, 2023 WL 3203811, at *6 (S.D.N.Y. May 2, 2023) (granting § 1782 application to subpoena "13 financial institutions regarding transactions between 17 entities and individuals" over a seven-year period); *In re Abraaj Inv. Mgmt. Ltd.*, No. 20 Misc. 229, 2023 WL 2674752, at *6 (S.D.N.Y. Mar. 29, 2023) (granting § 1782 application to subpoena 18 banks for "documents and information in relation to . . . USD transactions and transfers made" during a nine-year period for fraudulent transfer claims).

WHEREAS, Intervenors filed a reply in which they introduced two new arguments in support of their motion to quash: (1) that three of the subpoenaed Banks are not found in this District and (2) that Petitioner violated Rule 45(a)(4) of the Federal Rules of Civil Procedure by failing to notify Intervenors before serving the Subpoenas to the Banks. Contrary to Intervenors' representation, Intervenors could have raised the first argument in their motion to quash because Petitioner alleged the jurisdictional basis in the Petition. Intervenors could also have raised the second argument because Petitioner served the banks on August 22, 2024, a week before Intervenors filed the motion to quash. It is well-established that new arguments raised in a movant's reply are "unequivocally waived." *Doe v. Bedford Cent. Sch. Dist.*, No. 18 Civ. 11797, 2022 WL 20508609, at *2 (S.D.N.Y. Oct. 7, 2022).

It is hereby **ORDERED** that Intervenors' motion for an order denying the Petition and quashing the Subpoenas is **DENIED**. The stay of the Banks' obligation to comply with the Subpoenas per the Order of August 19, 2024, is lifted.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 23 and close the case.

Dated: September 16, 2024
      New York, New York

                                              LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE